### In re HOLZBERG.

District Court, E. D. New York. December 31, 1929.

No. 17090.

Herman G. Robbins, of Brooklyn, for bankrupt.

Clarence M. Davis, of New York City, for trustee.

GALSTON, District Judge. This is a motion for an order to vacate an order of the referee in bankruptcy which authorized the trustee to conduct the opposition to the discharge of the bankrupt upon the amended objections to said discharge filed by certain creditors of the bankrupt.

On the return day of the bankrupt's petition for a discharge, notices of appearance were filed by some of the creditors. Thereafter, and in due course, specifications were executed and filed, and the matter referred to the referee, as a special master, to take testimony and report. Pending a hearing on these specifications a meeting of the creditors was called by the referee to authorize the trustee to conduct the opposition to the discharge. Creditors voted in favor of such authority, and in consequence the referee directed the order in question to be entered.

The bankrupt contends that the order of the learned referee was unauthorized, in that the trustee, having failed to appear on or before the return day of the application for discharge, cannot now be heard to object to it. Section 14 of the Bankruptcy Act (11 USCA § 32) provides that a trustee shall not interpose objections to a bankrupt's discharge until he has been authorized so to do at a meeting of creditors called for that purpose. There had been no such meeting of creditors prior to the return day of the petition for discharge, and so, of course, on said return day the trustee was not in position, had she even elected so to do, to appear in opposition to the discharge. Nor did the trustee seek an extension from the court of time within which to file an appearance and file specifications in opposition.

It would seem that the trustee is seeking by indirection to do now what she failed originally to do.

General Order No. 32 (11 USCA § 53) provides: "A creditor opposing the application of a bankrupt for his discharge, * * * shall enter his appearance in opposition thereto on the day when the creditors are required to show cause, and shall file a specification in writing of the grounds of his opposition within ten days thereafter, unless the time shall be shortened or enlarged by special order of the judge."

If the trustee were permitted to continue these proceedings she would be doing so in representation of all the creditors; yet not all of the creditors filed their notices of appearance, as required by the rule.

Since, therefore, no application was made to extend the time by those creditors who did not appear, the trustee can have no proper standing in these proceedings.

In the circumstances, the motion is granted.